Dallas HERNANDEZ, Appellant,

v.

EMPLOYERS MUTUAL LIABILITY IN-
SURANCE COMPANY OF WIS-
CONSIN, Appellee.

EMPLOYERS MUTUAL LIABILITY IN-
SURANCE COMPANY OF WIS-
CONSIN, Appellant,

v.

Dallas HERNANDEZ, Appellee.

No. 21564.

United States Court of Appeals
Fifth Circuit.

June 8, 1965.

James A. Smith, Lake Charles, La., for appellant.

Frank M. Brame, Cavanaugh, Brame, Holt & Woodley, Lake Charles, La., for appellee.

Before BROWN and GEWIN, Circuit Judges, and KILKENNY,* District Judge.

GEWIN, Circuit Judge.

In this action the appellant insured sought to recover damages allegedly accruing by reason of the appellee insurance company's breach of its obligation to attempt to settle a claim for personal injuries for which the appellant became liable.

The insured was involved in an automobile accident in which one Copeland was killed. Copeland's heirs filed suit in a state court against the appellant and appellee, and American Surety, the subrogated compensation insurer of Copeland's employer, intervened. The liability insurance policy issued by appellee contained a limit of $5000 for bodily injury to any one person.

* Of the District of Oregon, sitting by designation.

Eventually, an excess judgment of $100,416.92 was rendered against the appellant Hernandez in the state court. He then instituted this action in the federal court to recover the amount of that judgment on the theory that Employers Mutual had not used good faith in its attempt to settle the claims of the Copeland heirs and American Surety.[1] The case was submitted to a jury on special interrogatories, and the jury found that Employers Mutual was not guilty of bad faith or unintelligent handling of the claim.

(1) Appellant asserts that the trial court erred in denying his motion for a judgment in accordance with his motion for a directed verdict or, in the alternative, for a new trial. We do not think the trial court erred in this respect. The record contains no indication that Hernandez filed a motion for directed verdict at the close of the evidence, a prerequisite for relief on a motion for a judgment notwithstanding the verdict under Rule 50(b), Fed.R.Civ.P. Moreover, the trial judge stated in his order overruling the motion that he had no independent recollection that Hernandez had moved for a directed verdict. Nevertheless, we do not think the state of the evidence warranted the granting of such a motion. Without attempting to detail the proof, it is sufficient to state that the evidence of bad faith was certainly not so overwhelming that a directed verdict was appropriate. It follows that the court did not abuse its discretion in denying the alternative motion for a new trial.

(2) Appellant challenges the propriety of the trial court's instructions to the jury in several particulars. He asserts that the court erroneously placed the burden of proof on one issue in the case and that he misstated the insurer's settlement obligations in another part of the charge. In light of the failure of the appellant's attorney to object to the portion of the charge of which he now complains, we cannot say that the instructions, when considered as a whole, constituted error of a fundamental nature.

(3) The trial court instructed the jury that under the Louisiana jurisprudence the insurance company would be liable to Hernandez if it acted in bad faith in failing to settle the Copeland claim. The judge refused to give the appellant's requested instructions on the definition of bad faith; instead he charged the jury as follows:

"Now, what is bad faith? Bad faith embraces more than poor judgment or negligence, it imports a conscious wrong doing, a breach of a duty through some ulterior motive. In considering whether or not an insurer acts in good faith or bad faith to its assured, you should bear in mind that the insurer may properly give consideration to its own interest and must also give equal consideration to the interest of its insured. One acts in good faith if he acts honestly and according to his best judgment, but one acts in bad faith if he uses his authority to save himself from loss in total disregard of his insured's rights. In its simplest form, bad faith means a breach of faith and a willful failure to respond to plain obligations. Bad faith is never presumed, bad faith must be proven."

Appellant's complaint is directed to the statement that an insurer is guilty of bad faith if he acts in "total disregard" of the interests of its assured. If the charge, read as a whole, were that restrictive, we think it would be erroneous. However, the offending phrase must be read in context. The sentence immediately preceding makes it clear to the jury that an insurance company, in settlement negotiations, is obligated to give equal consideration to the interests of the insured. Hence, the definition did not restrict the jury to a finding of bad faith

1. Louisiana applies the "good faith" standard in cases of this type. Wooten v. Central Mut. Ins. Co., 166 So.2d 747, 750 (La.App.1964), and authorities there cited.

**156**

only if the company completely ignored the insured's interest.

We have considered all the contentions raised by the appellant in light of the full factual background developed during the trial and the issues presented to the court and jury. No prejudicial error appearing, the judgment is affirmed.